UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLIE JACKSON,

       Plaintiff,

v.                                             Case No.: 2:18-cv-32-FtM-38UAM

MICHAEL A. COLOMBO, JR.,
FRANCINE H. DONNORUMMO,
RAMIRO MANALICH and SAM
SORRELLE,

       Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Charlie Jackson's Motion for Leave to Proceed I*n Forma Pauperis*/Affidavit of Indigency (Doc. 11). No response in opposition has been filed. For the following reasons, the Court denies the Motion for Leave to Proceed *In Forma Pauperis*/Affidavit of Indigency and dismisses the case.

The Prison Litigation Reform Act requires this Court to screen actions against governmental entities, officers, or employees of a governmental entity, to determine whether the complaint is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (screening that applies to prisoner cases

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

seeking to proceed *in forma pauperis*). The standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6) apply to dismissals under § 1915A and § 1915(e)(2)(b)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1319-20 (11th Cir. 2008) (internal citation omitted). "While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 444, 555 (2007). "Factual allegations must be enough to raise a right to relief about the speculative level." *Id.* at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is appropriate if the facts as pled fail to state a claim for relief that is "plausible on its face." *Id.* (internal quotation marks omitted). Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that he defendant is liable for the misconduct alleged." *Id.*

And § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke*, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has "little or no chance of success," *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). This Court is cognizant that it must liberally construe a *pro se* complaint. *Douglas*, 535 F.3d at 1319-20 (internal citation omitted). This liberal construction does not give a court license to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Invs., Inc.*

*v. Cnty. of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by, *Aschroft v. Iqbal,* 556 U.S. 662 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001); *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

On April 16, 2018, the Court ordered Plaintiff to file an Amended Complaint that complied with Federal Rules of Civil Procedure 8 and 10. (Doc. 9). Plaintiff's original Complaint alleged constitutional violations by public officials in Lee and Collier Counties, Florida, but failed to name any defendants or state how Plaintiff's Constitutional rights were violated. In the Court's Order directing Plaintiff to file an Amended Complaint, Plaintiff was directed to name as defendants only those persons responsible for the alleged constitutional violations and to describe how each person violated same. Plaintiff was cautioned that failure to amend his Complaint in compliance with the Court's directives would result in his case being dismissed.

In his Amended Complaint, (Doc. 10), Plaintiff names Assistant State Attorney, Michael Colombo, Jr., Assistant State Attorney, Francine H. Domorumo, Circuit Judge Ramiro Manalich, and Regional Counsel Sam Sorrelle as Defendants, but does not say how each Defendant violated his Constitutional rights. Instead, Plaintiff states that each Defendant was advised that he is "the authorized agent, Third Party Defendant to my

3

corporate strawman property Charlie Jackson." ([Doc. 10 at 4](#)).  As such, Plaintiff claims the Defendants had no subject matter or personal jurisdiction over him and no right to hold him in custody. *Id.* at 5.

Plaintiff's Amended Complaint is frivolous.  Even liberally construing the Amended Complaint, Plaintiff has failed to state a cognizable claim under § 1983.  Plaintiff's failure to follow the Court's instructions is fatal to his claim.  Plaintiff's Motion to Proceed *In Forma Pauperis* is denied and his Complaint dismissed.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Charlie Jackson's Motion for Leave to Proceed *In Forma Pauperis*/Affidavit of Indigency ([Doc. 11](#)) is **DENIED**.

2. Plaintiff's Amended Complaint (Doc. #10) is **DISMISSED with prejudice**.

3. The Clerk of Court shall enter judgment, accordingly, terminate all pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of April, 2019.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies:
All Parties of Record